1

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

2

3

4

5

6

7

**FEE PAID**
**26UTAGA9**



**FILED**
CLERK, U.S. DISTRICT COURT

**FEB 7 2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: ____KMH____ DEPUTY

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

JORGE ALEJANDRO ROJAS,

Plaintiff,

11

12

vs.

13

EXP REALTY OF CALIFORNIA, INC., and RICHARD ANTHONY REYES JR.,

14

Defendants.

Case No. **2:22-cv-00830-MWF-ASx**

COMPLAINT FOR:
VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT, 47
U.S.C. § 227

15

16

17

18

19

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, against Defendants eXp Realty of California, Inc. ("eXp") and Richard Anthony Reyes Jr. ("Reyes"), "Defendants" and alleges based on personal knowledge and information and belief, as follows:

20

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 1

# INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to buy and/or sell homes and utilize their real estate broker services, despite not having the required consent to contact Plaintiff.

# JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, eXp Realty conducts significant business in the State. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant eXp Realty of California, Inc., ("eXp") is a Washington Corporation, with an address of 2219 Rimland Drive, Suite 301, Bellingham, WA 98226, and registered agent of CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9. Defendant Richard Anthony Reyes Jr. ("Reyes") is a California Broker with an address of 2634 E Cameron Avenue West Covina, CA 91791.

10. Defendants are persons as defined by 47 U.S.C. § 153(39).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

11. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

13. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

14. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

15. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

18. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3).

## FACTUAL ALLEGATIONS

19. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

20. Plaintiff is the account holder and customary user of his phone number.

21. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

22. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

23. Defendants are a real estate agency who has been engaging in telemarketing in order to obtain business.

24. Defendants hire or otherwise direct individuals such as O'Neal Steven Orellana ("Orellana") to make telephone calls to individuals to ask them if they are looking to buy or sell homes. Defendant Reyes and eXp have these individuals, including Orellana, engage in phone bank style telemarketing, despite not having the requisite consent or training.

25. Defendant Reyes is Broker Associate for Defendant eXp.

26. Defendant eXp is liable for the actions taken by Defendant Reyes. Defendant Reyes' Broker License is tied only to Defendant eXp. Defendant Reyes represents Defendant eXp in making the telephone calls, and Mr. Orellana was working under Mr. Reyes' direction.

27. **Call 1.** On January 9, 2022, at 7:17 PM Chicago time, Plaintiff received a telephone call from Defendants, calling from 323-649-6920.

28. When picking up the phone, and after a brief pause, Plaintiff spoke to Orellana, who stated that he was calling individuals in the area asking them if they were interested in buying or selling homes.

29. The longer than natural pause between the time of answer and Mr. Orellana stating his name is indicative of the use of an ATDS.

30. Orellana stated that he recently sold a home for significantly above asking price, located at 2521 Highcliff Dr. Torrance, CA., and stated that he could do the same with Plaintiff's property. Plaintiff would later learn that this house was neither sold by Reyes or eXp, and that Orellana was simply using deceptive sales methods in order to get the lead.

31. Plaintiff provided Orellana his email and Orellana said he would send a market analysis to Plaintiff. Plaintiff never provided Defendant additional consent to call.

32. Plaintiff never received an e-mail from Orellana.

33. On January 10, 2022, Plaintiff texted Orellana asking to send the market analysis. After fixing the e-mail address Orellana had, Orellana provided a link to the market analysis. The market analysis identified the entity that Orellana was calling on behalf of, eXp Realty.

34. The entity Orellana was calling on behalf of, eXp Realty, was not the entity that sold the house at 2521 Highcliff Dr. Torrance, CA.

35. Defendant engaged in misrepresentations of their success record by using the "sale" of 2521 Highcliff Dr., notwithstanding the fact that it did not sell that property.

36. **Call 2.** On January 10, 2022, at 11:24 AM Chicago time, Plaintiff received a telephone call from Defendants, calling from 323-649-6920.

37. Plaintiff spoke to Orellana again, who was calling again for the purpose of soliciting the services of eXp Realty.

38. The above calls were made by Defendants for the purpose of soliciting the purchase or the sale of a product or service, specifically, real estate, and soliciting the services of a real estate agent.

39. After Plaintiff texted Orellana stating he was communicating with someone on the do not call list, Plaintiff sent a letter to Defendant Reyes with a settlement demand.

40. Orellana then called Plaintiff and explained that he and other individuals were being instructed to get leads for Defendant Reyes and eXp at all costs, and that some individuals were aware of the federal laws concerning telemarketing, and others, including himself, were not.

41. Orellana, during the above telephone call, admitted to the fact that he had violated the TCPA. Orellana detailed Defendant Reyes orders that his subordinates find leads in any way possible for his benefit.

42. Defendant Reyes also sent a video to Plaintiff, where he in summary admitted no knowledge concerning the existence of Plaintiff's number on the do not call list. The video essentially admitted that Defendants lack the controls and training to prevent violations of the TCPA.

43. The conduct alleged in this action was made willful and knowingly, for reasons including that the caller misrepresented its identity concerning the sale of the property on Highcliff Dr, in order to obfuscate who they were, and the use of Caller ID masking.

44. The TCPA requires telemarketers to provide training to its employees, contractors, etc., and Defendants have failed to properly train the same.

45. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

46. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

47. Plaintiff did not have a prior business relationship with Defendants.

48. Defendants did not have any consent to call Plaintiff.

49. Defendants are not an organization exempt from the TCPA.

50. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

51. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

52. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

53. Plaintiff alleges that Defendants train its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

54. Defendants made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

55. The impersonal and generic nature of the calls demonstrate Defendants utilized an ATDS and/or a pre-recorded voice in making the calls.

56. In total, Defendants and/or its affiliates placed at least two (2) telephone solicitation calls to Plaintiff.

57. Plaintiff requested a copy of the Do Not Call policy from Defendants, through their counsel, Ari Kasper, on January 13, 2022, and said policy, as of this filing, has not been provided.

58. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

59. Defendants have a pattern and practice of failing to comply with the TCPA.

60. The foregoing acts and omissions were in violation of the TCPA.

61. Defendants website states "The average agent in Southern California sells between 3 to 4 houses per year according to the National Association of Realtors. Richard and his Team has averaged 50 sales per year."

62. Defendants are engaging in violations of the TCPA in order to get business.

63. Defendant Reyes is liable under the TCPA as he is the individual collecting the leads from the telemarketing scheme and earning a commission on any sales or purchases made.

64. Defendant eXp is liable as it eventually would earn a commission from any transactions Defendant Reyes made. Defendant eXp is thus vicariously liable for the actions of Reyes.

65. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

66. Defendant Reyes is further liable under the TCPA because he directed Orellana to obtain customers for Reyes and eXp's business. Reyes and/or eXp had a further duty to train its employees, contractors, and agents, concerning the policies that need to be followed concerning telemarketing.

67. Other Defendants may be named in this case following discovery, including for example any other individuals such as Mr. Orellana or entities who directed the unlawful conduct to be made.

68. Employees can be held liable in TCPA actions for unlawful conduct.

69. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

70. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

71. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

72. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

73. Plaintiff is also entitled to an award of costs.

74. Defendants' calls were not made for "emergency purposes."

75. Defendants' calls to Plaintiff were made without any prior express written consent.

76. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

77. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

78. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

79. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

80. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1.** Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

81. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

82. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

83. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

84. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.** Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

85. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

86. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

87. Defendants called Plaintiff's telephone at least two (2) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendants' calls, in violation of 47 C.F.R. § 64.1200(c)(2).

88. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the two (2) telephone calls.

89. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

**COUNT 3.** Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

90. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

91. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

92. Defendants violated this provision during the telephone calls by not identifying itself adequately during the first telephone call. Only because Defendant provided a market analysis to Plaintiff was he able to identify the indispensable party in this case.

93. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each of the one (1) telephone calls where a failure to properly identify was made.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

**COUNT 4.** <u>Violation concerning written policies and training of personnel engaging in telemarketing, 47 C.F.R. §§ 64.1200(d)(1)-(d)(2)</u>

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 17

94. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

95. The TCPA's implementing regulations require that the entities making telephone calls maintain written policies, available upon demand, concerning their do-not-call policy. 47 C.F.R. § 64.1200(d)(1).

96. The TCPA's implementing regulations require that the entities making telephone calls train its personnel engaging in telemarketing. 47 C.F.R. § 64.1200(d)(2).

97. Defendants violated these provisions by failing to provide training to personnel including Orellana as well as failing to provide Plaintiff with their written Do Not Call policy upon request.

98. Plaintiff was statutorily damaged at least one (1) times under 47 U.S.C. § 227(c)(5)(B) by the Defendants for the violations described above, in the amount of $500.00 for the failure to provide a written copy of the policy and failure to train employees regarding said policy.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $7,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C),

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B),

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C),

F. Statutory damages of $500 for a violation of 47 C.F.R. §§ 64.1200(d)(1)-(d)(2).

G. All reasonable attorneys' fees, witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 19

I.  Leave to amend this Complaint to conform to the evidence presented at trial,

J.  Any other relief this Court deems proper.

Respectfully submitted,

Dated: February 7, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 20

# EXHIBIT 1

# EXHIBIT 1



Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                                        Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

**********************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.